# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JUDITH SIEVERT, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MEYER & NJUS, P.A.,<br><br>    Defendant. | Case No.: 17-cv-371<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Judith Sievert is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Meyer & Njus, P.A. ("Meyer") is a multi-state law firm with a principal place of business located at 1100 U.S. Bank Plaza, 200 South Sixth Street, Minneapolis, Minnesota 55402.

6. Meyer is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Meyer is a "debt collector" as defined in 15 U.S.C. § 1692a.

## FACTS

7. Plaintiff entered into one or more consumer transactions with "Synchrony Bank" ("Synchrony"), or an affiliate or predecessor corporation.

8. Each consumer transaction was for household goods and services, purchased with a "Walmart" branded credit card, issued by Synchrony.

9. On or about February 14, 2017, Meyer mailed a debt collection letter to Plaintiff. A copy of this letter is attached to this Complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A includes the required 15 U.S.C. § 1692g(a) debt validation notice:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of

2

a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

12. Thus, Plaintiff had 30 days to dispute the debt and request verification of the original creditor's contact information from the date she received Exhibit A.

13. On or about February 17, 2017, Meyer mailed a second debt collection letter to Plaintiff. A copy of this letter is attached to this Complaint as Exhibit B.

14. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. Exhibit B attempts to collect the same alleged debt as Exhibit A. The amounts and truncated account numbers are the same in both letters.

16. Exhibit B also includes the 15 U.S.C. § 1692g(a) notice.

17. Nothing in Exhibit B informs the consumer that Meyer had already sent Plaintiff another letter regarding the same account and seeking the same amount just three days prior.

18. Sending a consumer multiple, identical letters a few days apart without alerting the consumer that the letters are duplicates is misleading and confusing. The practice may, for example, lead the unsophisticated consumer to pay the same debt twice.

19. Exhibit A and Exhibit B also give conflicting deadlines.

20. The unsophisticated consumer would be confused by Exhibit B, which is dated three days after Exhibit A, as it is unclear to the unsophisticated consumer whether the 15 U.S.C. § 1692g(a) validation and dispute period expiration date is controlled by Exhibit A or Exhibit B, even though the statute makes clear that the notice in Exhibit A controls.

3

21. Exhibit A tells the consumer that she has 30 days to dispute the debt but Exhibit B also tells the consumer that she has 30 days to dispute the debt "within 30 days after receiving this notice."

22. The information provided in Exhibit B is false and misleading. If the consumer submits a dispute in writing within 30 days of receiving Exhibit B, but after the 30 day period in Exhibit A has expired, Meyer would not be under any obligation to temporarily cease collection activities and mail documentation to verify the debt to the consumer. 15 U.S.C. § 1692g(b).

23. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 738 (N.D. Ill. 2003) ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector may provide verification upon oral notification, the debt collector must provide verification upon written notification. If the debtor gives only oral notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt."). Similarly, a later validation notice has no effect beyond that which the debt collector provides voluntarily.

24. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

## COUNT I -- FDCPA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. Meyer mailed two debt collection letters to Plaintiff, seeking to collect the same debt, three days apart. Both letters contained a validation notice. 15 U.S.C. § 1692g(a).

27. Sending two initial collection letters on the same debt within three days of each other without alerting the consumer that the letters are duplicates is misleading and raises the risk of double-payment.

28. The information provided in Exhibit B is false and misleading. If the consumer submits a dispute in writing within 30 days of receiving Exhibit B, but after the 30 day period in Exhibit A has expired, Meyer would not be under any obligation to temporarily cease collection activities and mail documentation to verify the debt to the consumer. 15 U.S.C. § 1692g(b).

29. The statute makes clear that the validation period ends 30 days after the consumer receives Exhibit A.

30. The unsophisticated consumer would be confused by these two letters in combination.

31. Plaintiff was confused by Exhibits A-B.

32. The unsophisticated consumer would be confused by Exhibits A-B.

33. Plaintiff had to spend time and money investigating Exhibits A-B.

34. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A-B.

35. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane*

*v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. 15 U.S.C. § 1692e specifically prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(10) specifically prohibits: "the use of any false representation or deceptive means to collect or attempt to collect any debt…."

39. Meyer violated 15 U.S.C. § 1692e, and 1692e(10).

6

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit A to the complaint in this action and subsequently sent a collection letter in the form represented by Exhibit B to the complaint in this action within the 30-day validation period, (c) seeking to collect a debt for personal, family or household purposes, (d) between the dates of March 10, 2016 and March 10, 2017, inclusive, (e) that was not returned by the postal service.

41. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

42. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A and B violate the FDCPA.

43. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 10, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com